JS-6
O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 14-0482-DOC(JPRx)                                Date: April 30, 2014

Title: BANK OF AMERICA, N.A., ETC. V. BETH WILLIAMS

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING MATTER TO SUPERIOR COURT**

On March 31, 2014, Defendant Williams removed this case from the Superior Court for the County of Orange. Notice of Removal (Dkt. 1). Plaintiff Bank of America, N.A., filed this unlawful detainer action against Williams in state court. This Court issued an Order to Show Cause regarding subject matter jurisdiction on April 8, 2014. *See* Order (Dkt. 5).

Williams argues that this Court has subject matter jurisdiction pursuant to federal question jurisdiction, 28 U.S.C. § 1441. Williams argues that a federal question exists because: (1) the unlawful detainer action violates her due process rights under the Fifth and Fourteenth Amendments; and (2) the case is governed by 28 U.S.C. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.").

I.      Legal Standard

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 14-482-DOC(JPRx)            Date: April 30, 2014
                                                                                            Page 2

360 F.3d 960, 966 (9th Cir.2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S. Ct. 162, 79 L.Ed. 338 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.,* 93 F.3d 593, 594–95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte* ); *Thiara v. Kiernan,* No. C06–03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

      Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. *See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.,* 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.,* 159 F.3d 1209, 1211 (9th Cir. 1998)). For the reasons discussed below, the court lacks subject matter jurisdiction and the action must be remanded to Los Angeles Superior Court.

      II.     Discussion

      There is no federal question apparent on the face of plaintiff's complaint, which alleges only an unlawful detainer cause of action. *See Wells Fargo Bank v. Lapeen,* No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley,* No. CV 10–8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov.22, 2010)); *IndyMac Federal Bank, F.S.B. v. Ocampo,* No. EDCV 09–2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

      Williams mentions the bankruptcy code and the district court's jurisdiction over such claims. However, Williams makes no allegations that there is an open bankruptcy action, or that this case in any way relates to the bankruptcy code. First, "[a] case cannot be removed on the basis that the claims it raises are related to claims asserted in a separate federal action." *Residential Funding Real Estate Holdings, LLC v. Chavez,* No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 14-482-DOC(JPRx)                                             Date: April 30, 2014
                                                                                                         Page 3

C10–04488 MMM (JCGx), 2010 WL 3220065, *1 (C.D. Cal. Aug.12, 2010); see also *In re Estate of Tabas,* 879 F.Supp. 464, 467 (E.D.Pa.1995) ("An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action"). Second, "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). Williams fails to meet that burden.

General claims that the foreclosure violates Williams's due process rights in some amorphous way are also meritless. Even if there were some connection to the Due Process Clause, the mere presence of a federal issue in a state law cause of action is not sufficient in and of itself to confer federal question jurisdiction. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Similarly, "[a] state-initiated case will not be removable based upon a federal issue that is raised by way of defense." Wright & Miller, 14B Fed. Prac. & Proc. Juris. § 3722 (4th ed. 2013). Williams makes no allegations that any of the exceptions to that rule apply, nor does the Court note any apparent exception from the face of Williams's submissions.

Williams has therefore failed to meet her burden to show jurisdiction, and this matter is REMANDED to the Superior Court for the County of Orange.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.


MINUTES FORM 11
CIVIL-GEN                                                                      Initials of Deputy Clerk: jcb